**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**VINSTICKERS, LLC, and
ESP DATA SOLUTIONS, INC.,**

    **Plaintiffs/Counterclaim Defendants,**

        v.                                          Case No.  07-2031-JWL

**MILLERNET CORP., et al.,**

    **Defendants/Counterclaim Plaintiffs.**

**MEMORANDUM AND ORDER**

In this lawsuit, plaintiffs/counterclaim defendants VinStickers, LLC and ESP Data Solutions, Inc. and defendants/counterclaim plaintiffs Millernet Corp., Millernet LLC, Vin Solutions of Ohio, Inc. and Brian Miller assert claims against each other for violations of the Lanham Act pursuant to 15 U.S.C. § 1125(a), breach of contract, unjust enrichment, common law unfair competition, injury to business reputation pursuant to K.S.A. § 81-214, and tortious interference.  This matter comes before the court on Defendants/Counterclaim Plaintiffs' Motion to Transfer Venue (doc. #17).  For the reasons explained below, this motion is denied.

**BACKGROUND AND NATURE OF THE CASE**

Plaintiff ESP Data Solutions, Inc. is a Massachusetts corporation with its principal place of business in Massachusetts.  Plaintiff VinStickers, LLC is a Delaware limited liability

company with its principal place of business in Overland Park, Kansas. Defendants Millernet Corp., Millernet, LLC, and VIN Solutions of Ohio, Inc. are all Ohio entities with their principal places of business in Ohio. Defendant Brian Miller also resides in Ohio.

ESP is a software development company with its primary focus on the development of vehicle identification number (VIN) data intelligence for the global market. VinStickers is an entity related to ESP that provides management tools and software products to help automotive dealerships sell vehicles. Plaintiffs entered into a software license agreement with defendant Millernet, LLC which granted Millernet the right to sell, market, and distribute VinStickers' software throughout the state of Ohio. Plaintiffs' complaint alleges that Millernet's failure to make payments due under the agreement constituted a breach of the agreement and resulted in termination of the license agreement, yet Millernet unlawfully continued to use plaintiffs' family of marks and trade names which incorporate the word "Vin." Plaintiffs assert claims against Millernet and the related defendants for violations of the Lanham Act pursuant to 15 U.S.C. § 1125(a), breach of contract, unjust enrichment, common law unfair competition, and injury to business reputation pursuant to K.S.A. § 81-214.

In response, defendants contend that plaintiffs failed to properly compensate them under the terms of the agreement, resulting in defendants being overcharged. They allege that they are entitled to protection of the trademark and trade name VIN Solutions, and that plaintiffs have engaged in the unauthorized use of that trademark and trade name. Defendants assert counterclaims against plaintiffs for breach of contract, unjust enrichment,

common law unfair competition, tortious interference with contractual relationship, and injury to business reputation pursuant to K.S.A. § 81-214.

Defendants now seek to transfer this case to the United States District Court for the Northern District of Ohio. They argue that transfer is warranted because it would be more convenient for the parties and witnesses if this court were to transfer the case because the majority of witnesses and other sources of proof are located in Ohio. In response, plaintiffs assert that transfer is unwarranted because it would merely shift the inconvenience from defendants to plaintiffs.

## LEGAL STANDARD FOR A MOTION TO TRANSFER

A motion to transfer to a more convenient forum is governed by 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* This statute affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court should consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the

3

> possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516. The plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in favor of the movant. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. *Id.*

## ANALYSIS

Plaintiffs ESP and VinStickers chose to file this action in the District of Kansas. As noted above, their choice of forum should not be disturbed unless defendants meet their burden of proving that the balance of factors weighs strongly in favor of transfer to Ohio.

Defendants contend that "the vast majority of witnesses and other sources of proof" are more readily accessible in Ohio. Specifically, they state that it is their understanding that Ken Karg, a representative of VinStickers, LLC who was involved in a vast majority of events relating to the parties' claims, resides in Medina, Ohio; Brian Miller (one of the defendants in this action) and Susanna Miller are representatives of defendants who reside in Ohio and have knowledge and information regarding the parties' claims; that other witnesses with knowledge and information relating to the parties' claims are located in Ohio such as representatives of the Ohio division of the Federal Bureau of Investigation, detective Jeff Breznak of the Stow, Ohio, police department, Joe Timpko, Cliff Murphy, Pete Vogtush,

Carl Adessi, Randy Upperman, and B.J. Holmes; and, lastly, that witnesses to meetings that took place between plaintiffs and defendants also reside in Ohio. Thus, defendants argue that transfer will allow the easiest access to the witnesses and evidence pertaining to this lawsuit and reduce the expense of this lawsuit for all parties involved. According to defendants, transfer of venue to Ohio "will allow the parties to compel the aforementioned non-party witnesses to depositions and to the trial of this matter at the least amount of expense to the parties."

Defendants' arguments are similar to those advanced by the defendant in *Scheidt v. Klein*, 956 F.2d 963, 965-66 (10th Cir. 1992). There, the defendant had identified eight out-of-state witnesses. *Id.* at 966. The court reasoned that based on the conclusory assertions made in support of the defendant's motion, some of those witnesses may have had pertinent testimony to present. *Id.* But, the defendants had not submitted anything to indicate the quality or materiality of those witnesses' testimony, or that they were unwilling to come to trial in Oklahoma City, or that their deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. *Id.* The court explained that some factual information relative to the materiality of witness testimony and the considerations mentioned above must be supplied to the trial court. *Id.* Based on the record presented in that case, the defendant's "meager showing failed to demonstrate the requisite inconvenience to his witnesses." *Id.* Similarly, here, it appears that some of the witnesses listed by defendants in their motion might have pertinent testimony to present. But, defendants have not submitted anything to indicate the quality or materiality of those witnesses' testimony, or that

5

they would be unwilling to come to trial in Kansas, or that their deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. Consequently, under established Tenth Circuit precedent, defendants, as the moving parties, have failed to meet their burden of establishing that transfer is warranted simply because many of their witnesses are located in Ohio.

Additionally, the court notes that plaintiffs state that their fact witnesses and other discoverable information can be found in Kansas. Thus, most of the plaintiffs' witnesses are in Kansas whereas most of the defendants' witnesses are in Ohio. It appears, then, that defendants are merely trying to shift the inconvenience from one side to the other, which is not a permissible justification for a change in venue. *Scheidt*, 956 F.2d at 966; *see, e.g.*, *First Specialty Ins. Corp. v. Ward N. Am. Holding, Inc.*, Case No. 04-2359-JWL, 2004 WL 2672833, at *2-*3 (D. Kan. Nov. 22, 2004) (denying motion to transfer under similar circumstances); *Freeman v. Gerber Prods. Co.*, Case No. 02-2249-JWL, 2003 WL 1906334, at *2-*3 (D. Kan. Apr. 17, 2003) (same).

On balance, then, the court finds that defendants have failed to meet their burden of demonstrating that the interests of convenience and fairness weigh sufficiently in their favor to overcome the weight that the court must give to plaintiffs' choice of forum. Accordingly, transfer of the case is not warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants/Counterclaim Plaintiffs' Motion to Transfer Venue (doc. #17) is denied.

**IT IS SO ORDERED** this 15th day of November, 2007.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge