# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**VINSTICKERS, LLC, and**
**ESP DATA SOLUTIONS, INC.,**

    Plaintiffs/Counterclaim Defendants,

        v.                                Case No. 07-2031-JWL

**MILLERNET CORP., et al.,**

    Defendants/Counterclaim Plaintiffs/
    Third-Party Plaintiffs,

        v.

**ERIC HINKLE and KEN KARG,**

    Third-Party Defendants.

## MEMORANDUM AND ORDER

This lawsuit arises from a failed business relationship between plaintiffs VinStickers, LLC and ESP Data Solutions, Inc. and defendants Millernet Corp., Millernet LLC, VIN Solutions of Ohio, Inc. and Brian Miller (collectively, "Miller"). Plaintiffs VinStickers and ESP filed this lawsuit asserting claims based on defendant Miller's alleged failure to make payments required under the terms of the parties' agreement as well as Miller's allegedly unauthorized use of the marketing words "VinSolutions" and "VinStickers." Miller, in turn, asserts counterclaims and cross claims against VinStickers and ESP as well as third-party defendants Eric Hinkle and Ken Karg, who allegedly are affiliated with VinStickers and ESP.

The thrust of the counterclaims is that VinStickers and ESP overcharged Miller under the terms of the parties' agreement, impermissibly used words similar to Miller's "VIN Solutions" trademark and trade name, and interfered with Miller's relationships with its clients. This matter comes before the court on the motion of third-party defendants Eric Hinkle and Ken Karg (doc. #67) to dismiss third-party plaintiff Miller's fraud against them. For the reasons explained below, this motion is granted.

Third-party defendants Hinkle and Karg ask the court to dismiss Miller's fraud claim against them for the reasons stated in a Memorandum and Order in which the court dismissed Miller's fraud claim against the counterclaim defendants VinStickers and ESP, familiarity with which is presumed. *See generally VinStickers, LLC v. Millernet Corp.*, Case No. 07-2031-JWL, 2008 WL 360578, at *1-*4 (D. Kan. Feb. 8, 2008). In response to the motion, Miller argues that its allegations state a claim for relief as to the aspect of its fraud claim based on VinStickers' alleged representation that it would terminate Miller's clients' access to VinManager and all other services effective November 30, 2006, when in fact VinStickers locked Miller's clients out of the system before that date. *Id.* at *3-*4 (discussing this as the third aspect of Miller's fraud counterclaim). The court held in its prior Memorandum and Order that

> aside from conclusory allegations that merely recite the elements of fraud, the counterclaim alleges no facts from which it could be inferred that when VinStickers made this representation it had a present intent not to wait that long. The counterclaim also does not allege any facts to explain how Miller relied or acted upon the alleged misrepresentation that the termination would occur effective November 30, 2006.

2

*Id.* at *4. Miller now argues that its fraud allegations establish circumstances tending to show a present intent to perform (i.e., to continue to permit Miller's clients to have access to VinManager and other services until November 30, 2006) when in fact no such intention existed, and also that defendants relied on the representation because they expected their clients to have access to VinManager for a specified period of time and, therefore, Miller believed that it could rely on that deadline in order to make arrangements to transfer its clients to a new system.

The court finds Miller's arguments to be without merit. The allegations in the pleading itself do not frame the fraud claim in the manner now suggested by Miller. The claim does not set forth the facts from which a present intent to defraud could be reasonably inferred. Additionally, it does not specify the manner in which Miller relied on the alleged representation. Rather, the pleading itself contains nothing more than a formulaic recitation of these two elements. Consequently, as the court ruled previously, the pleading itself lacks the requisite factual allegations to support these two elements of a fraud claim. *Id.* at *4.

Even if Miller could use its arguments to successfully recraft the factual allegations in its fraud claim as to those two elements, the claim still fails to state a claim as to defendants Hinkle and Karg for the additional reason that the statement that Miller's clients' access to VinManager and other services would be terminated on November 30, 2006, is attributed by Miller to the "Counterclaim Defendants." *See* Amended Answer, Counterclaims, and Crossclaim (doc. #43), ¶ 66, at 20. Miller defined "Counterclaim Defendants" to include VinStickers and ESP, not defendants Hinkle and Karg, who Miller

3

defined separately as the "Cross Claim Defendants." *See id.* at 11. Consequently, according to Miller, the allegedly untrue statement was made by VinStickers and ESP, not Messrs. Hinkle and Karg. As such, Miller's factual allegations do not raise the right to relief above the speculative level with respect to the fraud claim against Messrs. Hinkle and Karg.

**IT IS THEREFORE ORDERED BY THE COURT** that Third-Party Defendants' Motion to Dismiss (doc. #67) is granted.

**IT IS SO ORDERED** this 1st day of April, 2008.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge